

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,

    Plaintiff

vs.

Steven Wayne Yee, et al.,

    Defendants

Case No. 3:89CR0720

MEMORANDUM AND ORDER

POTTER, J.:

    Pending in this cause are variously captioned motions of defendants Yee and Verdi seeking revocation of the March 9, 1989 pre-trial detention order issued by Magistrate James G. Carr. Specifically, before this Court are defendant Verdi's motion for review of detention imposed on March 9, 1989 and the Government's opposition; defendant Yee's motion for an order lifting the detention and the Government's opposition; the Magistrate's order of July 18, 1989 overruling the motions of both defendants; defendant Verdi's notice of appeal of the Magistrate's order; defendant Yee's objections to the Magistrate's order; the Government's responses to defendants' objections; and defendant Yee's supplemental memorandum in support of the motion for revocation of detention orders and the Government's brief in opposition.

    Steven Wayne Yee and Mark S. Verdi, along with a third defendant, John Ray Bonds, were indicted by a federal grand jury on March 3, 1989 for federal firearms offenses, to wit: knowing possession of an unregistered firearm, 26 U.S.C. §5861(d), and possession of a firearm not indentified by a serial number, 26 U.S.C. §5861(i). These charges and charges subsequently brought against the same defendants in state court arose out of events surrounding the February 27, 1988 shooting and death of David Hartlaub in front of a Trustcorp Bank in Perkins Township, Erie County, Ohio.

    Defendants Yee and Verdi were arrested and a pre-trial detention hearing was held before Magistrate Carr on March 9, 1989. This hearing resulted in an order of the Magistrate dated March 10, 1989 granting the Government's motion to detain defendants without bond or other conditon of release.

    In the detention order, the Magistrate noted testimony of one of the Government's witnesses "that he understood that state grand jury action was

AO 72A
(Rev. 8/82)

imminent, and that the prosecutor would be seeking murder indictments against the defendants." Magistrate's Order of March 10, 1989 at 1. The Magistrate concluded that:

> I can take the totality of the circumstances into account when assessing whether the defendants present a risk of nonappearance for further proceedings in this court. Those circumstances include the likely return of murder charges against these defendants. In light of that consideration, the weight of the evidence, and the likelihood of flight, I conclude that there are [sic] no combination of conditions sufficient to ensure the defendants' appearance for trial in this cause.
>
> This is true, despite the strong ties to the community and lack of criminal records which each defendant presents to the court. These and other favorable circumstances, which otherwise would militate in favor of pretrial release, cannot overcome the fact that these defendants face substantial terms of imprisonment from the charges pending in this court, and possibly life terms from the charges that may soon be returned in state court.

Id. at 1-2.

On the same day that the detention order was issued, a state grand jury sitting in Erie County, Ohio returned an indictment against the three defendants charging them with the capital offense of aggravated murder, Ohio Rev. Code §2903.01, and with murder, Ohio Rev. Code §2903.02. The specifications supporting the aggravated murders included kidnapping, Ohio Rev. Code §2905.01(A)(1), and aggravated robbery, Ohio Rev. Code §2911.01(A)(1).

In a judgment entry dated March 31, 1989, Erie County Common Pleas Judge Ann Maschari ordered the State of Ohio to make the defendants available to that court for purposes of arraignment and hearing on April 3, 1989. Judge Maschari further stated that "The failure of the State of Ohio to bring the defendant before the Court will cause the Indictment to be dismissed. Case No. 89-CR-119 Judgment Entry of March 31, 1989 (Erie Cty., Ohio).

It appears that no arrangement was made between the United States Attorney's office and the state prosecutor relative to the availability of defendants for arraignment in the state court. Instead, Judge Maschari issued a second order on April 10, 1989 stating that no further action regarding arraignment would be taken in the Common Pleas Court until the United State's Attorney's office obtained a ruling in the district court pertaining to the state court's authority to exercise jurisdiction in light of the concurrent federal proceeding.

AO 72A
Rev. 8/82)

On April 13, 1989, Judge Maschari issued a stay of all state court proceedings in Case No. 89-CR-119 stating: "This stay will remain in effect until such time as said issues are formally presented to the United States District Court and an order is issued therefrom as to what action this Court has the authority to take."

On May 15, 1989, Judge James L. McCrystal of the Erie County Common Pleas Court issued a writ of habeas corpus ad prosequendum for each defendant commanding the Lucas County Sheriff and the United States Marshal to produce defendants Yee and Verdi before the state court for arraignment and appointment of counsel. The writ was opposed by the Government on grounds that such a temporary transfer to state authorities would interfere with the federal prosecution and create an undue burden upon the U.S. Marshals. The Government requested an order allowing the U.S. Marshal to refuse to grant temporary custody of defendants to the State until the federal prosecution is completed. Magistrate Carr granted the Government's motion on April 17, 1989. From that date, there appears no indication of further proceedings in the state court.

Meanwhile, on April 14, 1989, defendant Verdi filed his motion for review of detention. A similar motion was filed by defendant Yee. In both motions defendants sought review of the detention order solely on grounds that the state indictments were void or voidable due to the failure of the state to arraign or appoint counsel to defendants for the state murder charges.

Defendant Verdi's motion to review was discussed before the Magistrate at a May 4, 1989 pretrial conference resulting in an order which provided, inter alia, that:

> Proceedings re defendant Verdi's motion to Reconsider Detention (Doc. 35) to be held in abeyance pending resolution of pending motion to dismiss in state court; in the event no resolution of said motion reached on or before June 1, 1989, further proceedings re release to be held thereafter upon request of any party to this cause.

Case No. 89-CR-720, Order of May 9, 1989.

Subsequently, in an order dated July 18, 1989, the Magistrate again ruled on the issue of detention (motions of both defendants) and determined that defendants failed to state adequate grounds justifying a review of the March 9th detention order. The motions to review detention were treated as motions to reconsider directed to the Magistrate, rather than motions under Section 3145 to be decided by the District Court in the first instance. The Magistrate deemed

the alleged voidability of the state proceedings inconsequential due to the fact that such grounds were purely matters of state law and the state proceedings had been stayed pending resolution of the federal cause. The Magistrate noted that, in any event, neither defendant had contended that a dismissal by the state would be with prejudice.

The Magistrate made the following finding and order:

> In light of all the foregoing, no basis appears on which to review or reconsider the decision that these defendants pose both a risk of flight and a danger to the community, because, as a practical matter, they stand indicted for capital murder, and that indictment has not been held to be void or voidable, much less to be subject to dismissal with prejudice.
> The motions to review pretrial detention shall, accordingly, be overruled.

The Magistrate's order of July 18, 1989 addressed nine other motions on pretrial matters raised individually and jointly by defendants and that order was generally appealed to United States District Judge McQuade on July 26, 1989.

Without determining the various matters on appeal Judge McQuade resigned, and the case was transferred to this Judge. On October 3, 1989, a pretrial conference was held during which several matters were discussed. Defendants made an oral motion for revocation of the Magistrate's detention order and for conditional release of the defendants.

On October 10, 1989, defendant Yee filed a supplemental memorandum of law in which he raised the obligation of this Court, as the court having original jurisdiction, to promptly determine the pending detention motions pursuant to the 1984 amendments to the Bail Reform Act, 18 U.S.C. §3145(b). The Government contends in opposition that the earlier motions, including the appeal of the Magistrate's July 18, 1989 order, were not motions for revocation or amendment of the pretrial detention order as required by §3145(b).

Defendants initially contend that the delay by the Court in determining the legality of continued detention under the Magistrate's order violates "one of the criminal procedural safeguards of the Bail Reform Act of 1984," and that the remedy for such a violation should be a conditional release. Defendants' supplemental memorandum in support of motion for revocation, at 4.

In particular, defendants refer to 18 U.S.C. §3145(b) which provides as follows:

> (b) Review of a detention order. - If a person is ordered detained by a magistrate, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

For purposes of this provision, defendants insist that their July 24, 1989 appeal from the Magistrate's July 18, 1989 order denying review of their detention constitutes the substantial equivalent of a motion for revocation or amendment of the order and should be treated as such by this Court. Defendants do not attempt to argue that the original motions for review, which were filed with this Court during April and May of 1989, should have been construed as motions under §3145(b), thereby invoking the promptness requirement. Citing the Ninth Circuit decision in United States v. Fernandez-Alfonso, 813 F.2d 1571 (9th Cir. 1987), defendants argue that the nearly three-month delay in determining the motion for revocation fails to satisfy the statutory requirement that the motion shall be determined promptly.

In contrast, the Government argues that defendants' motions for "revocation of detention order" should be deemed to have been filed on the actual day that they "correctly requested the review," which would be no earlier than the October 3, 1989 pretrial hearing where an oral motion for such a determination was made. Government's Brief in Opposition to Yee's Supplemental Memorandum of Law, at 3.

This Court finds that defendants' earlier motion for review and appeal of the Magistrate's order denying those motions did not constitute motions for revocation or amendment of the pretrial detention order under §3145(b). Such a construction was not mandated where the original motions contained no mention of the Bail Reform Act and their captions were directed to both the district judge and the magistrate.

The procedure requiring prompt review by the court having original jurisdiction constitutes a relatively recent departure from the previous practice under the Bail Reform Act of 1966. See Shackleford v United States, 383 F.2d 212 (1967) (a detained accused was required to seek review of conditions of release by the judicial officer imposing them before requesting amendment in the district court). Furthermore, no requirement of prompt determination is prescribed under the section of the Magistrate's Act governing appeals to the district court. 28 U.S.C. §636(b)(1)(A).

In light of these considerations and absent any reference to §3145(b) in the earlier motion for review, the district judge was well within his discretion in construing these motions as motions to reconsider to which no promptness rquirement attaches. Accordingly, this Court finds that defendants first invoked the statutory promptness requirement upon oral motion for revocation or amendment of the Magistrate's pretrial detention order made before this Court during the conference held on October 3, 1989.

Defendants' subsequent written motion of October 10, 1989 warranted granting the Government an opportunity to respond. Such a response was timely filed on October 24, 1989.

In enacting the procedural safeguard of prompt determination under §3145(b), Congress deliberately declined to define promptly by any specific period of time. United States v. Gonzales, 852 F.2d 1214, 1215 (9th Cir. 1988). However, the court in United States v. Fernandez-Alfonso, 813 F.2d 1571 (9th Cir. 1987), concluded that a delay of thirty days, when caused by judicial inadvertence and not by any fault of the parties, was not prompt.

This Court issues its order within thirteen days from the time the Government filed its response to defendants' motion. Finding no judicial inadvertence or excessive delay under these circumstances, this Court concludes that there has been no violation of the promptness requirement of 18 U.S.C. §3145(b).

The question remains as to whether there continues to exist grounds supporting further detention of defendants pending trial. Upon reviewing the record de novo, this Court concludes that little, if anything, has changed since the Magistrate first determined that there exists no conditions or combination of conditions sufficient to ensure the defendants' appearance for trial. This conclusion is warranted by the combination of circumstances, including the pending state law indictments for offenses carrying maximum sentences of death or life imprisonment, the fact that a co-defendant, John Ray Bonds, has already fled the jurisdiction and the fact that the federal firearms charges pending in this Court are themselves very serious given the factual circumstances under which the federal offenses were alleged to have been committed. This Court further finds that defendants pose a substantial risk of danger to the community.

Defendant Yee presents the additional argument that continued detention pending trial would violate defendants' due process rights. Referring to the three-prong test applied by the Second Circuit in United States v.

Gonzales-Claudio, 806 F.2d 334 (2nd Cir. 1986), defendant Yee contends that the probable length of pretrial detention combined with some government responsibility for delay violates due process. Defendant further argues that considerations such as family ties in the community and the lack of a prior criminal record render insubstantial the risk of flight posed by each defendant.

With regard to risk of flight, the Magistrate twice determined, and this Court agrees, that the mitigating factors mentioned by defendants are substantially outweighed by the inducement to flight under the circumstances of this case.

Also, although no trial date has yet been set and the detention is therefore likely to exceed one year, such a period is not excessive when compared with the more than thirty-two month detention in United States v. Ojeda-Rios, 846 F.2d 167 (2nd Cir. 1988), or the possibility of a twenty-six month pretrial detention as in the Gonzales-Claudio case.

Defendants' contention that the Government or this Court bears a disproportionate share of the responsibility for the pretrial delay is no more persuasive than the argument based on duration of detention. Although it is true that the Government's case appears to rest exclusively on circumstantial evidence, including the novel form of identification evidence based on DNA genetic grouping, these factors alone do not render the Government's opposition to the numerous defense motions unjustified or extraordinary.

Finally, the Government observes, and the Court agrees, that Gonzales-Claudio is distinguishable from the instant case in that the former cases dealt only with the issue of risk of flight. Under the instant facts, the additional element of danger to the community has been established. Unlike risk of flight, this latter consideration presents a significant public safety issue which must be balanced against defendants' personal liberty interest. See 1984 U.S. Code Cong. and Admin. News, at 3185. Danger to the community is thus highly relevant to the substantive aspects of any due process analysis under the instant facts.

Based on the foregoing application of the three-prong test of Gonzales-Claudio and giving due consideration to the evidence indicating that the defendants represent a substantial risk of danger to the community, the Court concludes, upon a de novo review of the record, that no conditions or

combination of conditions are sufficient to ensure the defendants' appearance at trial or to ensure the safety of the community and that continued detention is consistent with due process requirements.

    THEREFORE, for the foregoing reasons, good cause appearing, it is ORDERED that the Magistrate's order of March 9, 1989 be, and hereby is, AFFIRMED as to the issue of pre-trial detention.

                                            *John W. Potter*
                                     United States District Judge

AO 72A
Rev. 8/82