FILED
1989 DEC 19 AM 9: 24
CLERK
U.S. DISTRICT COURT
NORTHERN DISTRICT
TOLEDO, OHIO

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,

Plaintiff

vs.

Steven Wayne Yee, et al.,

Defendants

Case No. 3:89CR0720

MEMORANDUM AND ORDER

POTTER, J.:

This matter is before the court on defendants' appeal from the Magistrate's order of July 18, 1989 denying a number of defendants' non-dispositive motions, and the Government's response. The Court, on November 3, 1989, addressed that portion of the Magistrate's order regarding the pre-trial detention of defendants. The Court now addresses the remaining portions of the Magistrate's order. For ease of reference, the Court will refer to the separate rulings in the Magistrate's July 18, 1989 order by the number preceding each such ruling in the Magistrate's order.

1. With respect to the Magistrate's first ruling, denying defendant Verdi's motion for discovery, the Court notes at the outset that neither defendant Verdi nor Yee has specifically addressed this ruling in his appeal. Upon review, the Court finds that the Magistrate's denial of this motion was not clearly erroneous or contrary to law.

2. Defendant Verdi next contends, by way of a motion to compel discovery and take depositions, that he is entitled to complete reports and results of the Government's scientific tests and leave to depose the Government's experts who conducted the tests. In light of the Government's representation that it has complied with Rule 16(d)(2) and will continue to do so, the Court agrees with the Magistrate that the motion is moot and should be denied as such. With respect to the motion to depose the Government's expert witnesses, the Court agrees with the Magistrate that defendants are not entitled to discovery depositions of the Government's experts.

3. In part 3 of the Magistrate's order, defendants' motion for disclosure of expert opinions was denied. The Government's response to

177

defendants' motion indicated that it would provide copies of any graphs or summaries to be used at trial to defendants when they are available. With respect to defendants' request for "the substance of any expert opinions that the government proposes to use at trial," the Court finds that defendants have failed to show how the Magistrate's denial of this request was clearly erroneous or contrary to law.

    4 & 5. Defendants have failed to set forth with specificity any objection to the Magistrate's rulings in parts 4 and 5 of his order. Moreover, upon a review, the Court agrees with the conclusions of the Magistrate in parts 4 and 5 of the order and does not find them to be clearly erroneous or contrary to law.

    6. In part 6 of the Magistrate's order defendant Verdi's motion to interview government protected witnesses was denied. Defendant's request in this regard is not without some merit. Although any witness is free to either speak with defense counsel or decline to do so. Defense counsel is, at the least, entitled to access to to any prospective witness. United States v. Scott, 518 F.2d 261, 268 (1975). Where a prospective witness is in the protective custody of the Government, the trial court assumes a duty to ensure that defense counsel has access to the witness to attempt an interview. United States v. Walton, 602 F.2d 1176, 1180 (4th Cir. 1979); United States v. Murray, 492 F.2d 178, 194 (9th Cir. 1973). Defense counsel for defendant Verdi has disclosed in his brief the name of a specific individual whom he believes to be a government protected prospective witness. It shall be the order of the Court that defense counsel may serve on the Government and file with the Court letters to any named individuals it believes to be government protected witnesses, requesting that the witnesses contact defense counsel if the witnesses are agreeable to be interviewed. The Government in conjunction with the United States Marshal Service shall forward the letters to the individuals if they are in the Federal Witness Protection Program or otherwise in government custody. Any such letters shall inform the prospective witness of his right to either speak to defense counsel or decline to do so.

    However, defense counsel may not write letters to unnamed individuals in an effort to discover the names of witnesses the Government intends to call at trial Such a remedy should serve to protect the interest of defense counsel in access to prospective witnesses, the Government's interest in

not disclosing its witness list, and the interest of any government protected witness.

7. The Magistrate denied the requests of Verdi and Yee for an evidentiary ruling prohibiting the Government from calling, in its case-in-chief, expert witnesses originally retained by defendants, but who may have subsequently rendered an opinion adverse to defendants. The Magistrate relied upon United States v. Pipkins, 528 F.2d 559, 563 (5th Cir.) cert. denied 426 U.S. 952 (1976); and Noggle v. Marshall, 706 F.2d 1408 (6th Cir.) cert. denied 464 U.S. 1010 (1983), in concluding that allowing the Government to present, in its case-in-chief, experts previously retained by defendants would not violate defendants' Sixth Amendment rights. Defendants contend that the present case differs from Noggle in that the testimonial communcations of defendants with any retained experts and the factual determinations made by those experts would be so closely intertwined that they could not be separated for purposes of attorney-client privilege. The Court disagrees. In Noggle, the experts retained were psychiatrists who by the very nature of their examination of the defendant for a sanity determination communicated with defendant regarding the crime with which he was charged. Clearly, this was a communication which had testimonial ramifications if and when such communications were presented by the psychiatrist on the witness stand. Conversely, defendants have not shown how forensic, ballistic or other scientific experts in this matter need communicate with defendants at all. Such experts could merely examine or test the evidence accumulated by the Government. Thus, the need for any communication between defendants and the experts is not readily apparent. Accordingly, the Court does not find that the Magistrate's holding in this regard was clearly erroneous or contrary to law. However, the Court does agree with the Magistrate that any testimony that the expert was first retained by defendants would be highly prejudicial and such prejudice would substantially outweigh any probative value of such testimony. Thus, no mention should be made at trial of the fact that the expert was first retained by defendants.

8. Defendants have not specifically objected to the Magistrate's ruling on defendant Verdi's motion to be present at all proceedings. The Court finds that the Magistrate's ruling on this issue is not clearly erroneous or contrary to law.

9. With respect to defendant Verdi's motion for access to the telephone, the Court again finds that the Magistrate's ruling should be affirmed.

THEREFORE, for the foregoing reasons, good cause appearing, it is ORDERED that the Magistrate's Order of July 18, 1989 be, and hereby is, AFFIRMED.

John W Potter

United States District Judge