FILED

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JAN 22 PM 2: 43

CLERK
U.S. DISTRICT COURT
NORTHERN DISTRICT
TOLEDO, OHIO

United States of America,

        Plaintiff,                        **Case No. 3:89CR0720**

      vs.

Steven Wayne Yee, et al.,

        Defendants.                  **Memorandum & Order**

      This cause is presently before the Court on defendants' Motion for Discovery of Informer and Photographic Evidence, filed December 14, 1990. The government filed a Memorandum in Opposition on January 2, 1991.

      Defendants move the Court, pursuant to Rule 16 of the Federal Rules of Criminal Procedure and the Fifth and Sixth Amendments to the Constitution of the United States, for an order directing the government to furnish the identity of an individual, described as a confidential informant, who provided information to law enforcement officials related to the investigation of the murder of David Hartlaub. Defendants further seek all reports of subsequent investigations undertaken with respect to the information provided by the confidential informant. Finally, defendants request the Court to compel the government to provide photographs of certain individuals identified by the confidential informant and named in the police reports relating the informant's declarations.

2

The government, pursuant to its obligation to provide criminal defendants exculpatory information, furnished defendants with two police reports from Special Investigator Paul D. Schnittker, Erie County Prosecutor's office dated March 4, 1988, and March 5, 1988. The reports recount information provided by a confidential informant who stated that he had overheard a conversation in which it was claimed that David Hartlaub had "ripped off" Ray Salazar and that Salazar had been observed in possession of an automatic weapon with a plastic bag taped to it. The confidential informant further revealed that Salazar and Salazar's brother had recently purchased weapons from a local gun shop and that Salazar was one of the biggest drug dealers in the area. The informant also provided the names of several individuals who, he claimed, were present or past close associates of Salazar. While he failed to offer additional detail, the informant did claim that his information could be checked out with very little investigation.

The prosecution violates due process if it suppresses evidence favorable to the accused where that information is requested by the defense and is material to guilt or punishment. Brady v. Maryland, 373 U.S. 83 (1963). However, the prosecution has no duty to provide defense counsel with unlimited discovery of all information available to the government and need not allow complete discovery of the files on a case to discharge satisfactorily the duty of disclosure of exculpatory evidence. United States v. Agurs, 427 U.S. 97 (1976).

In the present case the defendants seek discovery of the

3

identity of a confidential informant, the results of investigations undertaken related to the information provided by the informant, and photographs of certain individuals named by the confidential informant as close associates of the person who was the principal subject of the informant's communications.  Defendants argue that the requested discovery is important because it demonstrates that someone other than the instant defendants had a motive to murder David Hartlaub, and that person, who is of Hispanic origin and who potentially matched eyewitness descriptions of Hartlaub's assailants, was seen in possession of an automatic weapon with a bag taped over it prior to the killing of Hartlaub.

Defendants, however, do not assert that the confidential informant was involved in the murder of, or was an eyewitness to, the murder of David Hartlaub.  Nor do defendants suggest that the informant has any direct knowledge of the murder or of the alleged relationship between Hartlaub and the principal subject of the informant's communications, Ray Salazar.

Rule 16 of the Federal Rules of Criminal Procedure neither requires nor mentions disclosure of an informant's identity.  As a general principle, the identity of persons who provide information to the police on a confidential basis is privileged information which is to be disclosed only upon a showing that disclosure is necessary to insure a fair trial.  <u>McCray v. Illinois</u>, 386 U.S. 300 (1967).

As set forth by the Supreme Court, the governmental privilege against disclosure of the identity of informants rests on the

4

following general policy considerations: 1) the purpose of the government's privilege to withhold the identity of informants is the protection of the public interest in effective law enforcement which is furthered by encouraging the recognized obligation of citizens to communicate their knowledge of crimes to law enforcement officials through the preservation of the informer's identity anonymity; 2) the scope of the privilege is limited by its underlying purpose; 3) the contents of the informant's communications are not privileged where disclosure will not tend to reveal the informant's identity; 4) if the informant's identity is disclosed to those who would have cause to resent the disclosure the privilege no longer attaches; 5) the privilege is circumscribed by the requirement of fundamental fairness where revelation of the informant's identity would be relevant and helpful to the defense of the accused or the fair determination of a cause; and 6) the determination of when disclosure is required is governed by no fixed rule and, instead, depends on the particular circumstances of each case, calling for a balancing of the public's interest in protecting the flow of information and the accused's right to prepare his defense. Rovario v. United States, 353 U.S 53 (1957).

While the general principle is that the identity of a confidential informant will not be disclosed, the requirement that courts address the particular circumstances of each case to balance the defendant's need for information against the legitimate interest in preserving an informant's anonymity has lead courts to distinguish between informants who were participants in the crime

5

that the accused is charged with and informants who were non-participants. Some courts have held that disclosure of an informant's identity is required where the informer was a participant. See, e.g., United States v. Price, 783 F.2d 1132 (4th Cir. 1986); United States v. Tornabene, 687 F.2d 312 (9th Cir. 1982).

Such a distinction is inapplicable in the present case as there has been no assertion that the informant participated in the commission of the crime with which defendants are charged. Yet courts have also permitted disclosure of the informant's identity even where the informant was not an active participant in the charged offense. In United States v. Silva, 580 F.2d 144 (5th Cir. 1978), the Court of Appeals reversed the trial court's decision denying access to the informant's identity, where the defendant, asserting a defense of mistaken identity, claimed that the informant, who was not a participant in the actual transfer of illegal narcotics, had introduced him to the undercover DEA agent who had purchased drugs from him and that the informant was the only witness in a position to support or contradict the agent's testimony and that the informant might have revenge motives.

However, the majority of non-participant informant cases have held against disclosure of the informant's identity. See, e.g., United States v. Brinkman, 739 F.2d 977 (4th Cir. 1984), (denial of defendant's motion for disclosure of informant identity not in error even though informant occupied a role somewhere between that of a participant in the offense and a mere tipster); United States

6

v. Varella, 692 F.2d 1352 (11th Cir. 1982), (trial court not in error where it refused to permit disclosure of informant identity even though informants were more than mere tipsters and their involvement in illegal drug transaction was not as integral participants, where informants merely assisted police in flying aircraft to and from site of drug transaction, and where importance of informant's testimony was collateral, relating only to informant's credibility and not with regard to their observations or participation in the offense transactions); United States v. Diaz, 655 F.2d 580 (5th Cir. 1981), (non-disclosure appropriate where informant, though not a mere tipster, had only limited and non-integral participation in the offense); United States v. Anderson, 627 F.2d 161 (8th Cir. 1980), (trial court not in error in denying disclosure of informant where identification of defendant rested on a series of transactions, only one of which was witnessed by informant).

In the present case defendants seek the identity of a confidential informant who was neither a participant in, nor a tipster who related information derived from first hand knowledge of, the underlying charged offense. The statements of the confidential informant referred to in the two reports authored by Special Investigator Schnittker signify only that the informant overheard statements and was aware of facts that potentially, but inconclusively, implicate persons other than the defendants in the murder of David Hartlaub. While the material provided by the informant suggests the possibility that persons other than the

AO 72A
(Rev. 8/82)

7

defendants had a motive to murder David Hartlaub and discloses information (i.e. the automatic weapon with the plastic bag taped to it and the purchase of weapons at a local gun shop) that may have some evidentiary significance it does not so closely connect the informant with either the circumstances of the Hartlaub killing or the defendants that disclosure of the informant's identity would be warranted under the balancing test prescribed by the Supreme Court in Rovario, supra.

The instant informant's relationship to the crime charged is attenuated at best, and the information he provided law enforcement officials, while certainly subject to Brady, offers only indirect and circumstantial relevance to defendants' case. This Court finds, therefore, that disclosure of the informant's identity is not warranted.

Defendants also seek that the Court direct the government to provide all reports, in any form, describing the investigative follow-up, if any, undertaken with respect to the information contained in the two March, 1988, reports written by Special Investigator Schnittker. The government's obligation to furnish such further information as defendants request is neither more or less extensive than the obligation that prompted the government to provide defendants with the two investigative reports that constitute the basis of the instant motion. In this regard the government remains under a continuing duty, as mandated by Brady, to provide defense counsel with evidence favorable to the accused where that information is requested by the defense and is material

8

to guilt or punishment.

Yet, as noted above, this duty does not compel the government to release the entirety of its files to the defense. Pursuant to Rule 16(a)(2) of the Federal Rules of Criminal Procedure, subject to certain exceptions inapplicable to the present case, the government is not required to allow "discovery or inspection of reports, memoranda, or other internal government documents made by . . . government agents in connection with the investigation or prosecution of the case." Thus, to the extent that results of any investigative follow-up of the information contained in the March, 1988, reports is exculpative, and subject to the Brady disclosure requirement, the government is required to provide that information to the defendants. However, to the extent that such information is not exculpative, the government is under no obligation to apprise the defense of the results of its subsequent investigations.

Defendants' final request is that the prosecution supply any and all photographs of certain individuals named in the investigative reports that gave rise to defendants' instant motion. Pursuant to Rule 16 of the Federal Rules of Criminal Procedure the government shall, upon defendants' request, "permit the defendant to inspect and copy or photograph . . . photographs . . . which are within the possession, custody or control of the government, and which are material to the preparation of defendant's defense." Rule 16(a)(1)(C) F.R.Cr.P. This subsection of Rule 16 incorporates the Brady rule with respect to documents and tangible objects.

9

The prosecution is required, by virtue of Rule 16(a)(1)(C), Brady, or the general mandate of due process, to provide defendants with such evidence that is favorable to defendants' case and material to guilt or punishment. For these purposes evidence is "material" only if it is established that there is a reasonable probability that providing the defense access to the evidence would lead to a result different from that which might otherwise occur were the solicited evidence not provided. In this context "reasonable probability" is a probability sufficient to undermine confidence in the outcome. See Pennsylvania v. Ritchie, 480 U.S. 39 (1987).

To be subject to Rule 16, papers, documents, photographs, and tangible objects must be in actual possession, custody, or control of the government, and the prosecution is not required to disclose or produce such material where it lacks actual possession, custody, or control. United States v. Gatto, 763 F.2d 1040 (9th Cir. 1985). Furthermore, if the defense has equal access to the material sought the discovery request is moot. United States v. Ball, 49 F.R.D. 153 (D. Wis. 1969).

In the present case the photographs requested by the defense do not satisfy the materiality requirement discussed above. The results of the government's subsequent investigation of the information furnished by the confidential informant, made available to this Court under seal, reveals nothing that is either exculpatory or inculpatory to the instant defendants. Interviews conducted with the confidential informant and others disclosed

10

nothing of relevance to the crimes that defendants are accused of having committed.

The information contained in Special Investigator Schnittker's March, 1988, reports, while arguably suggestive of the proposition that the requested photographs could have some potentially material value to the defense, is totally devoid of worth in this regard. This Court is, therefore, convinced, based on all the information presently at its disposal, that providing the defense access to the requested photographs would not lead to a result different from that which might otherwise occur were the solicited evidence provided and that the photographs would not to a sufficient degree of probability effect the outcome of this case one way or the other.

Furthermore, before the prosecution can be ordered to permit the defense access to the photographs the government must be in possession, custody, or control of the photographs. While the government's response in this regard is somewhat equivocal, in that it states that it is conceivable that it may have at some time obtained photographs of the individuals in question, the government claims that photographs of these persons never have been viewed or obtained for any purpose related to this case. Had this Court concluded that the photographs in question were material it might be more inclined to order further inquiry into this matter. However, absent a showing of materiality the fact that the government is not in clear possession of the photographs adds one more reason for this Court to deny defendants' request.

11

Finally, as noted above, where the defense has reasonably equal access to material, its discovery request is moot. In the present case, the names of those persons whose photographs the defendants seek are known to the defense. This Court can only conclude that the defense could, without undue burden, acquire the photographs that they presently endeavor to obtain. Certainly, given the resourcefulness of defense counsel in this case, acquiring these photographs would not be an inordinately demanding task.

Therefore, for the reasons stated herein, good cause appearing, it is

Ordered that defendants' Motion for Discovery of Informer and Photographic Evidence shall be, and hereby it is, denied.

IT IS SO ORDERED

_John W Potter_
United States District Judge