IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

FILED
1991 FEB -8 PM 2: 28
CLERK
U.S. DISTRICT COURT
NORTHERN DISTRICT
OF OHIO

United States of America,

    Plaintiff

vs.

Steven Wayne Yee, et al.,

    Defendants

Case No. 3:89CR720

**MEMORANDUM AND ORDER**

POTTER, J.:

    This cause is before the court on defendants' motion in limine to exclude from evidence one M-11 S.W.D. 9mm. pistol recovered from the home of defendant Verdi, the government's opposition, and oral argument.

    Involved in the event of February 27, 1988 is an M-11 S.W.D. 9mm. pistol with an obliterated serial number and a homemade silencer. The silencer is the subject of some of the counts in the indictment. The Verdi M-11 S.W.D. 9mm. pistol is not the pistol recovered at the scene, but was recovered from the home of Mark Verdi. Defendants assert that it is inadmissible, pursuant to Fed. R. Evid. 404(b) and 403. It is noted that both pistols had the serial numbers removed, the scene pistol by grinding, the Verdi pistol by severe localized heat.

    Defendants contend that the Verdi pistol is proffered to show identity, the signature test. See <u>United States v. Hamilton</u>, 684 F.2d 389 (6th Cir. 1982).

    The government argues that it is not endeavoring to prove "signature" but to establish identity through motive, preparation, plan, etc. <u>United States v. Czarnecki</u>, 552 F.2d 698 (6th Cir. 1977), is to the effect that greater emphasis should be on admissibility of such evidence, the central question being whether or not the probative value of the evidence outweighs the potential prejudicial effect.

2

The Court finds that <u>United States v. Evans</u>, 848 F.2d 1352 (5th Cir. 1988), is a valuable precedent and is not at odds with Sixth Circuit authority.

The evidence is probative, i.e. obliterated serial numbers, type of weapon, familiarity, etc. It will be admitted under Rule 404(b). Coming now to Rule 403, the Court finds that the weapon is not excludable. The danger of unfair prejudice does not substantially outweigh its probative value. The Court will also give a limiting instruction. Counsel may submit, if they wish their suggested instruction.

THEREFORE, good cause appearing, it is

ORDERED that defendants' motion in limine be, and hereby is, DENIED.

*John W Potter*
United States District Judge